UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|                                   |   |                              |
|-----------------------------------|---|------------------------------|
| DTZ, INC.,                        | ) |                              |
|         Plaintiff,                | ) |                              |
|     v.                            | ) | CIVIL ACTION NO. 13-10906-PBS |
| UG2, LLC; LOUIS LANZILLO; JOHN    | ) |                              |
| CORREIA; JEFFREY PETERSON;        | ) |                              |
| ROBERT RYAN; ARMANDO LEZAMA;      | ) |                              |
| ROBERT DEAULNIERS; and SCOTT      | ) |                              |
| BURNELL,                          | ) |                              |
|         Defendants.               | ) |                              |

**TEMPORARY RESTRAINING ORDER**

April 22, 2013

This matter comes before the Court upon consideration of the plaintiff DTZ, Inc.'s ("DTZ") Motion for Temporary Restraining Order ("Motion")Motion") pursuant to Rule 65 of the Federal Rules of Civil Procedure. Based upon review and consideration of the parties' paper and arguments, it appears to the satisfaction of the Court that (1) DTZ is likely to succeed on the merits of one or more of the causes of action alleged in the Complaint; (ii) there is good cause to believe that immediate and irreparable harm, injury, loss or damage will result to DTZ if the requested relief is not granted; (iii) the balance of the hardships favors DTZ; and (iv) the public interest will be promoted through the

1

issuance of the requested Temporary Restraining Order is hereby ordered that.

Accordingly, DTZ's Motion for Temporary Restraining Order (Docket No. 4) is **GRANTED** and the defendants[1] are **ENJOINED AND RESTRAINED** as follows:

> (1) The defendants shall not access, use, disclose, reveal, copy, disseminate, or share any property, documents or information, including but not limited to any electronically stored information, confidential information, or trade secrets, of DTZ; provided however, this restriction shall not prevent defendants from accessing or disclosing such information only for the limited purpose of preparing their defense of this case or responding to discovery requests;
>
> (2) The defendants shall not delete, destroy, discard, or alter (a) any property, documents, or information, including but not limited to any electronically stored information, confidential information, or trade secrets, of DTZ; or (b) any records, documents, information, evidence, or things that may be subject to discovery in this civil action;
>
> (3) The plaintiff shall not delete, destroy, discard, or alter any records, documents, information, evidence, or

---

[1] The Court declines, without prejudice, to issue an order with respect to defendants Robert Ryan and Scott Burnell. There is no evidence that they received written or oral notice nor evidence of any efforts made to provide them with notice. See Fed. R. Civ. P. 65(b).

2

things that may be subject to discovery in this civil action;

(4) The defendants immediately shall take all steps necessary to ensure the preservation of the following, to the extent in the possession, custody, or control of the defendants: (a) any property, documents, or information, including but not limited to any electronically stored information, confidential information, or trade secrets, of DTZ; and (b) any records, documents, information, evidence, and things that may be subject to discovery in this civil action; such efforts by defendants may include but not be limited to engaging the services of a computer forensic specialist to make full forensic copies of any electronic storage device, internet-based storage system, CD, DVD, USB drive, flash drive, computer hard drive, desktop computer, laptop computer, tablet computer, smart phone, computer network, computer server, or any other device or system used for storage of electronic information;

(5) The plaintiff immediately shall take all steps necessary to ensure the preservation of any records, documents, information, evidence, or things that may be subject to discovery in this civil action;

(6) The defendants immediately shall provide to DTZ's computer forensic specialist, StoneTurn Group LLC, the

electronic storage devices, identified by serial number below which were used by the defendants while employed by DTZ to access DTZ's electronically stored information:

Defendant John Correia:

| Device Name | Description | Serial Number |
|---|---|---|
| Nano Pro | Imation Nano Pro USB Device | 07A40203EC8ECB7F |
| Cruzer Edge | SanDisk Cruzer Edge USB Device | 20060164421B0782E76F |

Defendant Jeffrey Peterson:

| Device Name | Description | Serial Number |
|---|---|---|
| DT 101 G2 | Kingston DT 101 G2 USB Device | 001CC0EC33B0ECB0870C0141 |
| My Passport 07A8 | WD My Passport 07A8 USB Device | 575837314137325933373436 |
| Nano Pro | Imation Nano Pro USB Device | 07BC1A031F34A537 |

Defendant Armando Lezama:

| Device Name | Description | Serial Number |
|---|---|---|
| My Book 1110 | WD My Book 1110 USB Device | 574341563548373537313539 |
| External USB 3.0 | TOSHIBA External USB 3.0 USB Device | 20130119013100 |

| | | |
|---|---|---|
| Flash Disk | USB2.0 Flash Disk USB Device | 9BC218001CB37CA2 |

Defendant Robert Desaulniers:

| Device Name | Description | Serial Number |
|---|---|---|
| Mass Storage | Generic Flash Disk USB Device | BF97DA45 |
| Mass Storage | Generic Flash Disk USB Device | D3F30059 |
| Cruzer Edge | SanDisk Cruzer Edge USB Device | 20060878301D97C117BE |
| USB DISK | USB FLASH DISK USB Device | AA04012700015863 |
| Backup+ BK | Seagate Backup+ BK USB Device | NA51B8KP |
| USB DISK | USB DISK USB Device | 90AC1100445A4C3D |
| Flash Disk | CBM Flash Disk USB Device | 0820110037295613 |
| Flash Disk | USB Flash Disk USB Device | 110074973765 |

(7) The defendants immediately shall provide to DTZ's computer forensic vendor, StoneTurn Group LLC, the following electronically stored information that has been backed up to any electronic storage device, internet-based storage location, or other storage location (See Declaration of Sean Tuttle, Docket No. 5-2, at paragraphs 9-11):

- Defendant Robert Desaulniers, "Nero BackItUp" session, including without limitation a session started on

5

- 3/4/2013, comprised of 11.8 Gigabytes of data and 27,965 files.
- Defendant Armando Lezama, "NTI Backup Now EZ" session, including without limitation sessions run on 2/22/2013, 3/3/2013, and 3/4/2013.
- Defendant Jeffrey Peterson, "Crash Plan" online backup solution, including without limitation sessions run continuously from 1/2/13 to 3/26/13, comprised of 174.60 Gigabytes of data and 55,705 files.

StoneTurn Group LLC shall hold in escrow and not access, review or analyze any materials provided to it by Defendants, nor shall it allow others to access, review or analyze any such materials, pursuant to this Order, pending further agreement of the parties and/or Order of this Court.

This Order shall be binding upon UG2 LLC, Louis Lanzillo, John Correia, Jeffrey Peterson, Armando Lezama, Robert Desaulniers, and all persons and/or entities who act in concert or participation with them who receive notice of this Order.[2]

---

[2] The returns of service filed with the Court indicate that six defendants (UG2 LLC, Lanzillo, Peterson, Correia, Lezama, and Desaulniers) received service of process and notice of the hearing prior to the hearing held on April 18, 2013. The Complaint alleges that all of the individual defendants are current employees of the Defendant UG2 LLC. Counsel for the defendants indicated at the hearing that he expected that he would be representing all of the defendants. See Transcript of Hearing at p. 22. (COURT: "... are you going to expect to represent them, or you don't know? MR. TARLOW: We may well, your Honor. I mean, the answer is generally yes.").

Any violation or failure to comply with this Order may subject the party in violation to sanctions in this civil action and/or proceedings for civil or criminal contempt of Court.

The Court further finds that at the present time the plaintiff DTZ need not post security pursuant to Fed. R. Civ. P. 65(c).

The Court will hold a further hearing regarding this Temporary Restraining Order and Plaintiff's request for a Preliminary Injunction at 10:30 am, on May 3, 2013, in Courtroom 19. Prior to and in furtherance of the issues to be presented and considered at that hearing, the parties are permitted to take expedited discovery, including depositions, requests for the production of documents, and interrogatories.

It is **SO ORDERED.**

                                       /s/ PATTI B. SARIS
                                       Patti B. Saris
                                       Chief United States District Judge