UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| DTZ, INC., UGL LIMITED, and UGL EUROPE LIMITED,<br><br>    Plaintiffs,<br><br>v.<br><br>UG2 LLC, LOUIS LANZILLO, JOHN CORREIA, JEFFREY PETERSON, ROBERT RYAN, ARMANDO LEZAMA, ROBERT DESAULNIERS, SCOTT BURNELL, and JANET GUISTI,<br><br>    Defendants.<br><br>UG2 LLC, LOUIS LANZILLO, JOHN CORREIA, JEFFREY PETERSON, ROBERT RYAN, ARMANDO LEZAMA, ROBERT DESAULNIERS, and SCOTT BURNELL,<br><br>    Plaintiffs-in-Counterclaim,<br><br>v.<br><br>DTZ, INC., UGL LTD., and ANTONIO ANDRADE,<br><br>    Defendants-in-Counterclaim. | Civil Action No. 13-cv-10906-PBS |

## **STIPULATION**

Defendants UG2 LLC, Louis Lanzillo, John Correia, Jeffrey Peterson, Robert Ryan, Armando Lezama, Robert Desaulniers, Scott Burnell and Janet Guisti, (collectively, "the UG2 Parties,"), along with Walter W. Crow, hereby stipulate and agree as follows:

1. The UG2 Parties will not seek out, introduce, rely upon or otherwise use any extrinsic evidence concerning the drafting of the "Contract for Protection of Business Interests" in the year 2000 or any revisions to the contract thereafter (hereinafter, the "Contract"), including, but not limited to, any extrinsic evidence known to Walter Crow.

2. Any defense to the enforcement of the Contract is hereby waived to the extent it relates to such extrinsic evidence.

3. The UG2 Parties waive any argument that the Contract is not a fully integrated document.

4. Subject to the foregoing, the UG2 Parties specifically reserve the right to:

   (a) challenge the Contract on the grounds that one or more of its restrictions is unreasonable (in scope, duration or geographical reach) in relation to legitimate, protectable business interests;

   (b) advance any interpretation of the Contract language based on the canons of construction and other available means of discerning the intent of the parties other than extrinsic evidence of the parties' intent;

   (c) argue that Plaintiffs have waived enforcement of the Contract by virtue of any failure of any of the Plaintiffs to preserve their rights under the Contract or to take adequate precautions to protect their alleged confidential information, and

   (d) defend the claims arising under the Contract based on any other basis available to the Defendants.

5. Walter Crow will not provide advice or representation to the UG2 Parties, nor will he communicate with their outside counsel, concerning the meaning, interpretation, drafting, or enforceability of the Contract.

6. Nothing contained in this Stipulation shall be deemed an admission of any violation of any ethical standard or rule by any person.

    UG2 LLC, LOUIS LANZILLO, JOHN CORREIA, JEFFREY PETERSON, ROBERT RYAN, ARMANDO LEZAMA, ROBERT DESAULNIERS, SCOTT BURNELL AND JANET GUISTI,

    By their Attorneys,

    */s/ Daniel S. Tarlow*
    Daniel S. Tarlow, BBO #552920
    Dtarlow@PrinceLobel.com
    William A. Worth, BBO# 544086
    Wworth@PrinceLobel.com
    Thomas M. Elcock, BBO# 548027
    Telcock@PrinceLobel.com
    Jeffrey J. Pyle, BBO #647438
    Jpyle@PrinceLobel.com
    PRINCE LOBEL TYE LLP
    100 Cambridge Street, Suite 2200
    Boston, MA  02114
    617-456-8000

    WALTER W. CROW,

    By His Attorneys,

    */s/ Alan D. Rose*
    Alan D. Rose (BBO #427280)
    Brian D. Lipkin (BBO #673850)
    Rose, Chinitz & Rose
    One Beacon Street, 23rd Floor
    Boston, MA 02108
    (617) 536-0040
    Fax: (617) 536-4400
    adr@rose-law.net
    bdl@rose-law.net

## CERTIFICATE OF SERVICE

      I, Daniel S. Tarlow, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing ("NEF") and paper copies will be sent to those indicated as non-registered participants, on October 29, 2013,

                                              */s/ Daniel S. Tarlow*
                                              Daniel S. Tarlow